## THE MARDELLE.
### No. 1649.

District Court, D. Rhode Island.
Feb. 13, 1931.

Charles H. Eden, Asst. U. S. Atty., of Providence, R. I.

John H. Di Stefano, of Providence, R. I., and Louis Halle, of New York City, for intervening libelant.

LETTS, District Judge.

There is before the court the claim of the Crowninshield Shipbuilding Company as an intervener; judgment having been entered by default in favor of the government upon its original libel brought under the National Prohibition Act (27 USCA) against all parties in interest except the present claimant.

During the early part of the year 1930, the Crowninshield Shipbuilding Company constructed the yacht Mardelle, completing and making delivery of her the latter part of July. About four weeks later, namely, on the 26th of August, 1930, this boat was seized while engaged in the violation of the National Prohibition Act. The owners of the boat, having no defense, permitted the forfeiture of the boat by default.

The claimant now comes forward and asserts that it has a claim of lien for alterations, materials, and repairs in the amount of $7,998.82. Mr. McNerney, president and treasurer of the claimant, testified that the original cost of the boat was $9,900. He fur-

ther testified that it was during the early part of August that the materials and labor, for which this claim is presented, were furnished. In other words, it is asserted that a new boat launched at the end of July required alterations and repairs within the next four weeks in an amount equal to over 75 per cent. of the claimed original cost of construction of the boat itself.

An examination of Exhibit A presented by the intervening petitioner, which was said by Mr. McNerney to be a copy of the shop record of the work done and materials furnished, is enlightening. The first five sheets of this exhibit bear the date of July 22, 1930, and contain charges aggregating in amount $7,219.83. The sixth sheet bears the date of August 25, 1930, and is headed by the following title:

"Labor Performed and Materials Furnished to Above Mentioned Yacht 'Mardelle' from August 5 to August 25, 1930."

The latter sheet includes items aggregating in amount $778.99.

An analysis of the large number of items included in the first five sheets, bearing the earlier date, discloses items and charges of the character one would expect to find upon the charge sheets covering the original construction of the boat. There are few items there contained which one would expect to find in the amounts set forth upon the charge sheets for a repair or alteration job, and most certainly not in respect to repairs or alterations on a boat which had been launched only about four weeks. For example, on sheet No. 1 are charges for paint in quantity all out of proportion with anything which could be required or needed in connection with mere alterations on a boat so recently completed. There are charges for 10 lights glass (small), brass cupboard door catch, hinges, etc.

On sheet No. 2 charges for furnishing and installing four starting batteries, a brass steering wheel, throttles, tanks, and for one ensign.

On sheets 3, 4, and 5 is a continuation of similar items, including additional quantities of paint and various material used in the construction of a boat, as well as charges for the construction of bunks, cushions, etc.

The titles appearing upon these first five sheets preceding different groups of charges generally contain one or more words to suggest a new installation or substitution. The contents of this part of Exhibit A appear to me to represent a poor attempt to make something appear what it is not. I am satisfied that, if any work was in fact done upon the boat by the claimant between the date of its delivery at the end of July and its seizure a few days later, it is represented by the items on the sixth sheet of the exhibit dated August 25, and indicating materials and work furnished between August 5 and August 25, and totalling, instead of nearly $8,000, only $778.99.

Mr. McNerney in his testimony claimed that he was paid in full for the original construction of the boat. I am satisfied that either that was not so and he is now trying to collect it in this proceeding, or, if it was so, that there is some co-operation between the claimant and the owners of the boat to now, by an indirect means, recover back substantially the value of the boat which had been forfeited, and for which no direct claim by the owners could be maintained. So confident am I that the claim presented was accompanied by false testimony, I believe the claim should be dismissed in its entirety. This court does not feel called upon to select a small number of items from the total presented, in respect to which a right of lien might plausibly exist, when it is apparent that the claim as a whole is not supported by creditable testimony.

A decree, consistent with these findings, may be presented for entry.